## FRY v. FARIS et al.
### No. 5016.

Circuit Court of Appeals, Third Circuit.

June 6, 1933.

Robert A. Henderson, of Altoona, Pa., and Lewis M. Alpern, of Pittsburgh, Pa., for appellant.

Robert W. Smith, of Hollidaysburg, Pa., for appellees.

Before BUFFINGTON, WOOLLEY, and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge.

This is an appeal from an order of the District Court for the Western District of Pennsylvania sitting in bankruptcy. The appellant is the receiver of the Second National Bank of Altoona, hereinafter referred to as the bank. The appellees are the trustees in bankruptcy of the estate of the Altoona Textile Company, Inc., hereinafter referred to as the textile company. The textile company imported raw silk from Japan. The bank, in accordance with a credit agreement between it and the textile company, paid for the raw silk with commercial letters of credit. The account of the textile company with the bank was guaranteed up to $150,000 by five individuals, among whom were V. A. Oswald, president of the bank and a director of the textile company, and W. H. Hughes, vice president of the textile company. A consignment of five bales of raw silk arrived at Altoona on November 15, 1930. The cashier of the bank indorsed the bill of lading over to the textile company and gave it to an employee of that company. The latter obtained the silk from the carrier upon presentation of the indorsed bill of lading and took it to the throwing plant of the textile company. On November 16, 1930, Oswald notified the superintendent of the textile company that the silk was to be stored for the bank. On November 20, 1930, an oral agreement was entered into between Oswald and Hughes that, when the next consignment of silk arrived at Altoona, it, together with the first consignment, was to be stored with the textile company for the bank. Fifteen bales of silk arrived on December 18, 1930; the bank cashier indorsed the bill of lading; and the silk was stored with the textile company. It appears that the oral agreement was entered into without the knowledge, consent, or authority of the president or board of directors of the textile company. At the time of the arrival of both consignments at Altoona, it was known to the president and cashier of the bank that the textile company was in financial difficulties. On

February 17, 1931, the textile company was declared a bankrupt. The bank filed a reclamation petition with the referee in bankruptcy claiming that the twenty bales of silk in the possession of the trustees in bankruptcy were the property of the bank. The referee in a carefully considered opinion dismissed the petition and the District Court affirmed the order of the referee.

We agree with the conclusion of the District Court that title to the twenty bales of silk was not retained by the bank. Our decision is based upon the following grounds:

The bank indorsed the bills of lading over to the textile company and delivered them to an employee of the textile company without restriction. The bank at no time exercised any right of ownership, control, or possession of the silk from the time of its storage with the textile company. There is ample evidence of a credit arrangement for the benefit of the textile company, which had previously given satisfactory security to the bank. The alleged oral agreement entered into within four months of bankruptcy amounted to an attempted unlawful preference over other creditors, in view of the knowledge of the officials of the bank that the textile company was in financial distress. Oswald and Hughes, who testified to the terms of the agreement before the referee, were guarantors of the textile company's account with the bank and, as such, were personally liable for the value of the twenty bales of silk unless the bank were the owner of the silk. The parties, who assumed to enter into the agreement on behalf of the textile company, were without authority to do so.

For the reasons indicated above, we are satisfied that title to the silk had been transferred by the bank to the textile company.

The order of the court below is affirmed.